UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD C. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:23-CV-00789-L-BN |
| NEWREZ LLC, PHH MORTGAGE | § | |
| CORPORATION, and WELLS FARGO | § | |
| BANK, N.A., as Trustee for the Pooling | § | |
| and Servicing Agreement dated as of | § | |
| August 1, 2005 Park Place Securities, Inc. | § | |
| Asset-Backed Pass-Through Certificates | § | |
| Series 2005-WHQ4, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants NewRez LLC ("NewRez"), PHH Mortgage Corporation ("PHH"), and Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated as of August 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WHQ4 ("Trustee") (collectively, "Defendants"), file this First Amended Answer to Plaintiff's Original Petition and Application for Temporary Restraining Order (the "Complaint") filed by Plaintiff Donald C. Moore ("Plaintiff") and respectfully shows the Court as follows:

## ANSWER

Responding to the Complaint, Defendants state the following:

1.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 require no response as NewRez has appeared in this lawsuit and does not contest in personam jurisdiction.

3. The allegations in Paragraph 3 require no response as PHH has appeared in this lawsuit and does not contest in personam jurisdiction.

4. The allegations in Paragraph 4 require no response as Trustee has appeared in this lawsuit and does not contest in personam jurisdiction.

5. The allegations in Paragraph 5 require no response as Defendants do not contest jurisdiction.

6. The allegations in Paragraph 6 require no response as Defendants do not contest jurisdiction.

7. The allegations in Paragraph 7 require no response as Defendants do not contest venue.

8. The allegations in Paragraph 8 contain legal conclusions to which no response is required.

9. The allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. With respect to the allegations in Paragraph 12, Defendants admit only that the document (referred to as Exhibit 1 in Paragraph 12) speaks for itself and deny any remaining allegations. Defendants further deny any characterization, interpretation, re-statement, or paraphrasing of Exhibit 1 or relevant property records. With respect to Exhibit 1, Defendants admit

only that Plaintiff purports to attach and incorporate a copy of the property appraisal records as Exhibit 1 but make no admission concerning the authenticity of Exhibit 1.

13. With respect to the allegations in Paragraph 13, Defendants admit only that the Note and Deed of Trust (referred to as Exhibit 2 and 3 in Paragraph 13) speak for themselves and deny any remaining allegations. Defendants further deny any characterization, interpretation, re-statement, or paraphrasing of Exhibits 2 or 3 or relevant property records. With respect to Exhibits 2 and 3, Defendants admit only that Plaintiff purports to attach and incorporate copies of the Note and Deed of Trust property records as Exhibit 2 and 3 but make no admission concerning the authenticity of Exhibit 2 or 3.

14. Defendants admit that Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated as of August 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WHQ4 is the current owner of the Loan and PHH is a servicer. The allegations in the second sentence of Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15. With respect to the allegations in Paragraph 15, Defendants admit only that the judgment (referred to as Exhibit 4 in Paragraph 15) speaks for itself and deny any remaining allegations. Defendants further deny any characterization, interpretation, re-statement, or paraphrasing of Exhibit 4 or relevant court records. With respect to Exhibit 1, Defendants admit only that Plaintiff purports to attach and incorporate a copy of the referenced court records as Exhibit 4 but make no admission concerning the authenticity of Exhibit 4.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16. To the extent a response is required, Defendants deny the

allegations in Paragraph 16.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 19. Defendants admit the allegations in the second sentence of Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. With respect to the allegations in Paragraph 21, Defendants admit Plaintiff spoke with an agent of the Defendants on March 2, 2023. Defendants further admit only that the document (referred to as Exhibit 5 in Paragraph 21) speaks for itself and deny any remaining allegations. Defendants further deny any characterization, interpretation, re-statement, or paraphrasing of Exhibit 5. With respect to Exhibit 5, Defendants admit only that Plaintiff purports to attach and incorporate a copy of the referenced property records as Exhibit 5 but make no admission concerning the authenticity of Exhibit 5.

22. With respect to the allegations in Paragraph 22, Defendants admit only that the notice (referred to as Exhibit 6 in Paragraph 22) speaks for itself and deny any remaining allegations. Defendants further deny any characterization, interpretation, re-statement, or paraphrasing of Exhibit 6 or relevant property records. With respect to Exhibit 6, Defendants admit

only that Plaintiff purports to attach and incorporate a copy of the referenced notice as Exhibit 6 but make no admission concerning the authenticity of Exhibit 6.

23. Defendants restate, reallege, and incorporate all foregoing Paragraphs by reference.

24. The allegations in Paragraph 24 contain legal conclusions to which no response is required.

25. The allegations in Paragraph 25 contain legal conclusions to which no response is required.

26. The allegations in Paragraph 26 contain legal conclusions to which no response is required.

27. The allegations in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions to which no response is required.

34. Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39. The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants restate, reallege, and incorporate all foregoing Paragraphs by reference.

46. The allegations in Paragraph 46 contain legal conclusions to which no response is required.

47. The allegations in Paragraph 47 contain legal conclusions to which no response is required.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49. The allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49.

50. The allegations in Paragraph 50 contain legal conclusions to which no response is required.

51. The allegations in Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. The allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 contain legal conclusions to which no response is required.

57. The allegations in Paragraph 57 contain legal conclusions to which no response is required.

58. The allegations in Paragraph 58 contain legal conclusions to which no response is required.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants restate, reallege, and incorporate all foregoing Paragraphs by reference.

61. With respect to the allegations in Paragraph 61, Defendants admit only that Plaintiff seeks declaratory relief and deny Plaintiff is entitled to such or any other relief. Defendants deny the remaining allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62, including subparts (a)-(f). Defendants further deny Plaintiff is entitled to any of the relief he seeks.

63. With regard to Paragraph 63, Defendants admit only that Plaintiff seeks monetary relief, but deny Plaintiff is entitled to any of the relief he seeks or any other relief. Defendants deny the remaining allegations in Paragraph 63.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required.

66. With respect to the allegations in Paragraph 66, Defendants admit only that Plaintiff seeks injunctive relief and deny Plaintiff is entitled to such or any other relief. Defendants deny the remaining allegations in Paragraph 66.

67. With respect to the allegations in Paragraph 67, Defendants admit only that Plaintiff seeks injunctive relief and deny Plaintiff is entitled to such or any other relief. Defendants deny the remaining allegations in Paragraph 67.

68. With respect to the allegations in Paragraph 68, Defendants admit only that Plaintiff seeks injunctive relief and deny Plaintiff is entitled to such or any other relief. Defendants deny the remaining allegations in Paragraph 68.

69. The allegations in Paragraph 69 contain legal conclusions to which no response is required.

70. Defendants deny all allegations in the Prayer, including subparts (a)-(j). Defendants further deny Plaintiff is entitled to any of the relief sought in the Prayer.

## Affirmative and Other Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to allege and prove facts sufficient to support a right to relief.

3. Plaintiff's claims are barred, in whole or in part, by estoppel in all of its forms, quasi-estoppel, laches, unclean hands, and/or other equitable doctrines.

4. Plaintiff's claims are barred, in whole or in part, by prior material breach of contract.

5. Plaintiff's claims are barred, in whole or in part, due to a lack of standing.

6. Plaintiff's claims and damages are subject to and/or barred by the terms of any relevant and applicable contracts and agreements, as well as the economic loss doctrine.

7. Plaintiff's claims are barred, in whole or in part, by the statute of frauds, merger doctrine, and parol evidence.

8. Plaintiff's claims are barred by set-off and/or off-set.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not tendered or attempted to tender the amount due and owing on the loan for the subject property.

10. Plaintiff's claims are barred, in whole or in part, by reason of Defendants' compliance with applicable statutes, regulations, agency interpretations, and other provisions of the law.

11. Plaintiff's claims are barred, in whole or in part, by reason of Defendants' compliance with the relevant agreement(s).

12. Plaintiff's claims are barred, in whole or in part, because Defendants' acts and/or omissions were not the cause of Plaintiff's damages, if any. Rather, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and/or entities,

including Plaintiff himself, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

13. Defendants deny liability for punitive or exemplary damages. Further, any claims for punitive or exemplary damages are subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article, I § 19 of the Texas Constitution.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages, if any.

15. To the extent Plaintiff asserts any loss mitigation-related claims under RESPA or other RESPA claims, such claims are barred, as Defendants have complied with all obligations under RESPA, including conducting a complete loss mitigation review, to the extent Plaintiff was ever entitled to such review.

16. Plaintiff's claim for attorney's fees is barred because Plaintiff has not asserted, and cannot prevail on, any causes of action that would support an award of attorney's fees. Defendants also reserve the right to challenge the reasonableness and necessity of any attorney's fees.

Plaintiff's claims may also be barred by additional defenses that may arise during the course of this litigation, which defenses Defendants reserve the right to assert.

## **Prayer for Relief**

Defendants pray that Plaintiff takes nothing, that judgment be granted in Defendants' favor, and that Defendants recover all other and further relief to which they are entitled.

Respectfully submitted,

*/s/ Camille Griffith*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
**Camille Griffith**
Texas Bar No. 24034761
camille.griffith@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**COUNSEL FOR DEFENDANTS NEWREZ LLC, PHH MORTGAGE CORPORATION, and WELLS FARGO BANK, N.A., as Trustee for the Pooling and Servicing Agreement dated as of August 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ4**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this 30th day of August 2024, on the following via the Court's ECF system in accordance with the Federal Rules of Civil Procedure.

J.B. Peacock, Jr.
David M. Vereeke
Gagnon, Peacock & Vereeke, P.C.
1349 Empire Central Drive
Suite 500, Lock Box 5
Dallas, TX 75247
attorneys@gapslaw.com

*Attorneys for Plaintiff*

*/s/ Camille Griffith*
Counsel for Defendants

**DEFENDANTS' FIRST AMENDED ANSWER** Page 11